Ruth E. Morris, Administratrix of the Estate of Frances Pyott, Appellant *v.* Montgomery County Geriatric and Rehabilitation Center and Montgomery County Commissioners, Appellees.

Argued April 6, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*James J. Oliver*, for appellant.

*Andrew L. Braunfeld, Masterson, Braunfeld, Himsworth & Maguire,* for appellees.

OPINION BY JUDGE BARBIERI, May 19, 1983:

This case comes before this Court on appeal by Ruth E. Morris, Administratrix of the Estate of Frances Pyott, from an order of the Court of Common Pleas of Montgomery County, which sustained the preliminary objections of the appellee, the Montgomery County Geriatric & Rehabilitation Center, and dismissed the appellant's complaint. We affirm.

The appellant commenced this action in trespass for wrongful death and survival in the court of common pleas against the Montgomery County Geriatric & Rehabilitation Center, a Montgomery County agency (Center), contending that the death of decedent, Frances Pyott, was caused by the Center's negligence in the care and supervision of its elderly patients. The appellant alleged in her complaint that the decedent, having attended an institution activity on October 14, 1979, later on that day was found missing when she apparently wandered off and became lost, and that on the following morning the decedent's body was found in a wooded area, where she had apparently taken off her clothes, gone to sleep, and died

from exposure. Upon the filing of preliminary objections by the appellee, the court of common pleas dismissed the appellant's complaint holding, *inter alia,* that the appellant was barred from bringing suit against the Center because of immunity granted under the Political Subdivision Tort Claims Act (Act).[1] With eight exceptions, the Act provides that local agencies shall not be liable for any damages on account of any injury to a person or property caused by an act of the local agency or an employe or person thereof.[2] Appellant, conceding that her claim is barred under the Act, not falling within any of the exceptions, challenges the constitutionality of the Political Subdivision Tort Claims Act as violating Article I Section 11 of the Pennsylvania Constitution and equal protection of the law.

Unfortunately for appellant, both the attack based on Section 11 of Article I of the Pennsylvania Constitution[3] and the attack on the Act on equal protection grounds have been ruled against appellant in cases that we believe are controlling. In *Carroll v. County of York,* 496 Pa. 363, 437 A.2d 394 (1981), our Supreme Court sustained the constitutionality of the Act

---

[1] Act of November 26, 1978, P.L. 1399, *as amended,* formerly 53 P.S. §§5311.101-5311.803, repealed by Section 333 of the Act of October 5, 1980, P.L. 693. Similar provisions are now found in Sections 8541 through 8564 of the Judicial Code, 42 Pa. C. S. §§8541-8564.

[2] Section 201 of the Political Subdivision Tort Claims Act, 53 P.S. §5311.201. A similar provision is found in Section 8542 of the Judicial Code, 42 Pa. C. S. §8542.

[3] Article I Section 11 of the Pennsylvania Constitution provides as follows:

All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

under Section 11 of Article I in a case that is clearly indistinguishable from this one. In fact, appellant does not suggest that *Carroll*, as it stands, would not be controlling on us, but argues against its acceptance, contending that it inappropriately deals with the law; that it is merely a four to three decision; and that the constituency of the Supreme Court has changed, so that we should feel free to disregard that case as an authority against appellant in this one. We must reject this contention and its supporting arguments, since *Carroll* is binding upon us. *Close v. Voorhees,* 67 Pa. Commonwealth Ct. 205, 446 A.2d 728 (1982).

The equal protection contention[4] raised here has also been considered by this Court and rejected in *Robson v. Penn Hills School District,* 63 Pa. Commonwealth Ct. 250, 437 A.2d 1273 (1981). *See also Close.*

Accordingly, the order of the court of common pleas dismissing the appellant's complaint must be affirmed.[5]

## ORDER

AND Now, this 19th day of May, 1983 the order of the Court of Common Pleas of Montgomery County, dated October 13, 1981, dismissing the complaint of Ruth E. Morris is hereby affirmed.

---

[4] On an equal protection analysis, absent invidious discrimination or the burdening of a fundamental right, a legislative classification must be sustained unless it is patently arbitrary and bears no rational relationship to a legitimate interest. *Frontiero v. Richardson,* 411 U.S. 677 (1973).

[5] Since we affirm the court's decision below that the appellant's action is barred by the Political Subdivision Tort Claims Act, we need not address the appellant's final argument as to whether or not notice of her action was properly given to the municipality as required by Section 1 of the Act of July 1, 1937, P.L. 2547, *formerly,* 53 P.S. §5301, repealed by Section 2(a) of the Act of April 28, 1978, P.L. 202. A similar provision is now found in Section 5522 of the Judicial Code, 42 Pa. C. S. §5522.