Gino Cerrone, a minor, by his parents and natural guardians, Diane Cerrone and Rocco Cerrone, and Diane Cerrone and Rocco Cerrone, in their own right and Santina Cerrone, Appellants *v.* Milton School District, Borough of Milton, Evangelical Community Hospital and Amador Calderon, M.D., Appellees.

Argued June 4, 1984, before Judges WILLIAMS, JR., DOYLE and PALLADINO, sitting as a panel of three.

*Myron H. Deutsch,* for appellants.

*David R. Bahl, McCormick, Reeder, Nichols, Sarno, Bahl & Knecht,* for appellee, Milton School District.

OPINION BY JUDGE PALLADINO, August 9, 1984:

Gino Cerrone, a minor, represented by his parents Diane and Rocco Cerrone, as well as the elder Cerrones in their own right and Santina Cerrone (Appellants) appeal from an order of the Court of Common Pleas of Northumberland County which sustained preliminary objections in the nature of a demurrer, filed by Milton School District (Appellee). We affirm.

Gino Cerrone was a student attending a school in Milton School District when he was injured while wrestling at the school. The trial court dismissed Appellants' amended complaint[1] and sustained Appellee's preliminary objections holding that Appellants' action in trespass against the school district was barred by the Political Subdivision Tort Claims Act

---

[1] Appellants' original complaint named Milton School District, the Borough of Milton, Evangelical Community Hospital and Dr. Amador Calderon, as defendants. On March 31, 1982, the hospital and Dr. Calderon filed preliminary objections in the nature of a motion to strike based on certain defective Ad Damnum clauses contained in the complaint. On April 5, 1982, the school district filed preliminary objections in the nature of a demurrer based on its governmental immunity, as well as preliminary objections in the nature of motions to strike citing Appellants' faulty Ad Damnum clauses. On April 12, 1982, Appellants filed an amended complaint curing the defective Ad Damnum clauses and the action proceeded on the school district's preliminary objections in the nature of a demurrer.

(Act).[2] Following an appeal of the trial court's decision to the Pennsylvania Superior Court the case was transferred to this Court.

Of the three arguments raised by Appellants the first two challenge the constitutionality of the Act. Appellants allege that the Act violates Article I, §11 of the Pennsylvania Constitution which contains the following langage:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.[3]

Appellants contend that the above language does not empower the legislature to immunize the Commonwealth from suit. We disagree. Our Supreme Court's recent decision in *Carrol v. County of York*, 496 Pa. 363, 437 A.2d 394 (1981), specifically addressed this argument and upheld the legislature's authority to grant immunity to the Commonwealth. Writing for the majority, Justice ROBERTS stated:

> [m]anifestly, it is within the province of the Legislature to determine that certain bars to suit are, in its judgment, needed for the operation of local government.

> Contrary to plaintiff's assertions, the Political Subdivision Tort Claims Act is a valid exercise of legislative authority specifically

---

[2] Act of November 26, 1978, P.L. 1399, *as amended*, formerly 53 P.S. §§5311.101-5311.803, repealed by Section 333 of the Act of October 5, 1980, P.L. 693. Similar provisions can now be found at 42 Pa. C. S. §§8541-8564.

[3] Pa. Const. Art. I, §11.

granted by our Constitution. (Footnote omitted.)

*Carrol,* 496 Pa. at 370, 437 A.2d at 397-98.

Similarly, Appellant's second constitutional argument, that the equal protection clause of the Fourteenth Amendment to the Constitution of the United States requires the Act's invalidation, also has been rejected recently. *See Morris v. Montgomery County Geriatric and Rehabilitation Center,* 74 Pa. Commonwealth Ct. 363, 459 A.2d 919 (1983); *Robson v. Penn Hills School District,* 63 Pa. Commonwealth Ct. 250, 437 A.2d 1273 (1981). In *Robson* this Court was faced with a challenge to the Act's constitutionality on equal protection grounds identical to that issued by the Appellants in the case at bar. After applying the rational relationship test to the Act, we concluded that

> the classifications involved in the Act have a fair and substantial relationship to the purpose of the Act. The classifications create a threshold for the recovery of certain damages and thus serve to define clearly the extent of the risk. Therefore, we cannot conclude that there is no rational relationship to a legitimate governmental interest and must conclude that the classifications of the Act should be sustained and appellants' equal protection arguments be rejected.

*Robson,* 63 Pa. Commonwealth Ct. at 255-56, 437 A.2d at 1276.

Appellants' third and final argument suggests the possibility that their cause of action may fall within one of the eight recognized exceptions to the Act.[4] Inasmuch as Appellants failed to raise this issue pre-

---

[4] 42 Pa. C. S. §8542.

viously, it has been waived. *Commonwealth v. De-Muro,* 24 Pa. Commonwealth Ct. 480, 357 A.2d 270 (1976). Accordingly, we affirm the decision of the Court of Common Pleas of Northumberland County.

ORDER

AND Now, August 9, 1984, the decision of the Court of Common Pleas of Northumberland County at No. CV 82-76, dated December 15, 1982, is hereby affirmed.