Eileen E. Gill, Appellant *v.* County of Northampton, et al., Appellees.

Argued January 30, 1985, before President Judge CRUMLISH, JR. and Judges ROGERS, CRAIG, MACPHAIL, DOYLE, COLINS and PALLADINO.

*Richard C. Angino*, with him, *Terry S. Hyman, Angino & Rovner, P.C.*, for appellant.

*Matthew R. Sorrentino, Holland, Taylor and Sorrentino,* for appellees.

OPINION BY JUDGE ROGERS, March 22, 1985:

This case is a companion to *Allentown State Hospital v. Gill*, 88 Pa. Commonwealth Ct. 331, A.2d (1985). Eileen Gill appeals from an order of the Northampton County Court of Common Pleas which granted Northampton County and Northampton County Mental Health/Mental Retardation Center's[1] Motion for Summary Judgment on the basis that these defendants below were immune from liability under 42 Pa. C.S. §8541, which reads as follows:

> Except as otherwise provided in this subchapter, no local agency shall be liable for any .

---

[1] Motions for judgments on the pleadings were filed by the City of Easton, its police department and individuals employed by local agencies. Ms. Gill has not appealed from the grant of judgment on the pleadings to these defendants.

damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

Forty-two Pa. C. S. §8542 supplements §8541 by providing a limited waiver of immunity for eight acts described in 42 Pa. C. S. §8542(b), none of which applies to the acts of negligence alleged by Ms. Gill against the defendants. Ms. Gill challenges the constitutionality of the sections cited on equal protection grounds and on the theory that, in abrogating the right of individuals to bring certain personal injury suits against a local agency, they violate Article I, Section 11 of the Pennsylvania Constitution as well as the federal constitution.[2]

Ms. Gill first contends that 42 Pa. C. S. §§8541 and 8542 violate her right to equal protection by barring suits alleging medical malpractice by local agencies and their employees while a similar statute relating to suits against the Commonwealth, at 42 Pa. C. S. §8522, permits suits for medical malpractice committed by State agencies and their employees.

Sections 8541 and 8542 do not treat similar classifications of tort actions or defendants differently; for example, all tort actions involving personal property loss are treated similarly, as are all tort actions involving claims of medical malpractice by political subdivision employees. Ms. Gill's contention in reality is that the legislature may not withhold permission to injured persons to sue political subdivisions for causes which it has permitted them to sue the Com-

---

[2] Because the Act must be sustained as a valid exercise of legislative authority, we have no need to address the merits of the other issue raised, that Section 114 of the Mental Health Procedure Act, Act of July 9, 1976, P.L. 817, *as amended*, 50 P.S. §7114(a) does not grant immunity to a local medical health unit.

monwealth. The Pennsylvania Supreme Court, in considering and rejecting an equal protection challenge to the substantially identical predecessor of Sections 8541 and 8542 called the Political Subdivision Tort Claims Act, in *Carroll v. County of York,* 496 Pa. 363, 437 A.2d 394 (1981), wrote, "This Court has frequently recognized that the Legislature may permissibly limit liability on the basis of a defendant's status." *Id.* at 368, 437 A.2d at 397. As the court noted in *Carroll,* the Joint State Government Commission on Sovereign Immunity drafted the Act reasoning that partial immunity was required to assure that a political subdivision "will not be required to process and defend various litigation brought against it in areas where risk management is totally uncertain at this time. . . ." May, 1978, Joint State Government Commission Report at 10, *quoted in Carroll,* 496 Pa. at 369-70, 437 A.2d at 397. Under well-settled principles of equal protection analysis, "a legislative classification must be sustained unless it is 'patently arbitrary' and bears no rational relationship to a legitimate governmental interest." *Frontiero v. Richardson,* 411 U.S. 677, 683 (1973). Where, as here, the legislature's judgment to limit the exposure of a local agency to tort claims is rationally based on a legitimate government interest, it must be sustained as a valid exercise of legislative authority.

Ms. Gill additionally contends that the legislative abridgement of the right to bring a medical malpractice action against a local medical health unit is violative of access to the courts guaranteed by both Article I, Section 11 of the Pennsylvania Constitution as well as the United States Constitution.[3] The Supreme

---

[3] Article I, Section 11 of the Pennsylvania Constitution reads as follows:

Court in *Carroll* expressly rejected this challenge. Although Ms. Gill concedes that *Carroll* controls this action, she nonetheless suggests that the case was wrongly decided. We have no power to overrule *Carroll.*

Order affirmed.[4]

ORDER

AND Now, this 22nd day of March, 1985, the order of the Court of Common Pleas of Northampton County in the above-captioned matter is affirmed.

Judge COLINS dissents.

Judge WILLIAMS, JR., did not participate in the decision in this case.

---

All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

[4] *See e.g., Morris v. Montgomery County Geriatric and Rehabilitation Center,* 74 Pa. Commonwealth Ct. 363, 366, 459 A.2d 919, 920 (1983).