512 A.2d 796

Jason J. Matteo, a minor, by his parents and natural guardians, Joseph & Cynthia Matteo & Joseph Matteo & Cynthia Matteo, in their own right, Appellants *v.* City of Philadelphia, Department of Public Health Family Medical Services, Health District # 2, and Celeia Marcos, M.D. & Lederle Laboratories, Appellees.

Argued June 12, 1986, before Judge MACPHAIL, and Senior Judges ROGERS and BARBIERI, sitting as a panel of three.

*Kathleen L. Daerr-Bannon, Daerr-Bannon* & *Kolber,* for appellants.

*Claudia M. Tesoro,* Chief Assistant City Solicitor, with her, *Barbara R. Axelrod,* Divisional Deputy in Charge of Appeals, *Armando A. Pandola, Jr.,* Chief Deputy in Charge of Claims, and *Handsel B. Minyard,* City Solicitor, for appellees.

OPINION BY SENIOR JUDGE ROGERS, July 23, 1986:

Jason J. Matteo, a minor, by his parents and natural guardians, Joseph and Cynthia Matteo, and his parents in their own right sued the City of Philadelphia, Dr. Celeia Marcos, and Lederle Laboratories in trespass seeking damages for personal injuries which Jason allegedly sustained as a result of a vaccination he received while under Dr. Marcos' medical care at one of the city's health department offices.

The Matteos appeal from an order of the Court of Common Pleas of Philadelphia County entering judgment on the pleadings in favor of the city and against the Matteos. The court held that the city was entitled to the immunity conferred by the Political Subdivision Tort Claims Act, 42 Pa. C. S. §§8541-8564.

The Matteos alleged in the complaint that Jason, while a patient at the Department of Public Health, Family Medical Services Health District 2, was given a "DPT immunization . . . in such a negligent, reckless and wanton manner as to cause him substantial injuries . . . ," and that he has suffered injuries, including brain damage.

The Judicial Code provides at 42 Pa. C. S. §8541 that subject to exceptions, a local agency shall not be liable for damages on account of an injury to a person or property caused by an act of the agency or its employees. Local agency is defined as "[a] government unit other than the Commonwealth government. . . ." 42 Pa. C. S. §8501. The eight exceptions to a local agency's immunity are found in 42 Pa. C. S. §8542(b).

In its order of August 27, 1985, granting the city's motion for judgment on the pleadings, the court held that the negligent provision of medical care was not embraced within any of the eight exceptions to immunity found in 42 Pa. C. S. §8542(b).

The Matteos contend, however, that the city's "Public Health District" is a "Commonwealth party," which is defined at 42 Pa. C. S. §8501 as "[a] Commonwealth agency and any employee thereof . . . ," and that it is therefore subject to liability pursuant to 42 Pa. C. S. §8522(b)(2), which waives the Commonwealth's sovereign immunity with respect to medical malpractice committed by "[a]cts of health care employees of Commonwealth agency medical facilities or institutions or by a Commonwealth party who is a doctor, dentist,

nurse or related health care personnel." This contention is ineffective because the city's Department of Public Health was created by provision of the city's Home Rule Charter, 351 Pa. Code §3.3-100(d), not pursuant to the Local Health Administration Law, Act of August 24, 1951, P.L. 1304, *as amended,* 16 P.S. §§12001-12028, as the Matteos contend.

The Matteos also contend that the Political Subdivision Tort Claims Act violates their right to equal protection by barring suits for medical malpractice committed by local agencies and their employees while such suits against Commonwealth agencies and their employees are not barred. We rejected this contention in *Gill v. County of Northampton,* 88 Pa. Commonwealth Ct. 327, 488 A.2d 1214 (1985). At this writing *Gill* is controlling in that aspect of this appeal.[1]

Order affirmed.

ORDER

AND Now, this 23rd day of July, 1986, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.

---

[1] The Supreme Court of Pennsylvania has accepted *Gill* for review; but the parties to the instant appeal have asked us to decide this appeal in due course.