513 A.2d 571

Joseph Weissman, Appellant *v.* City of Philadelphia and Martin Widelitz, M.D., Appellees.

Argued June 12, 1986, before Judge MACPHAIL, and Senior Judges ROGERS and BARBIERI, sitting as a panel of three.

*Lawrence W. Richman,* for appellant.

*Claudia M. Tesoro,* with her, *Ralph J. Luongo,* Assistant City Solicitor, *Barbara R. Axelrod,* Divisional Deputy in Charge of Appeals, *Armando A. Pandola, Jr.,* Chief Deputy in Charge of Claims, and *Handsel B. Minyard,* City Solicitor, for appellees.

OPINION BY JUDGE MacPHAIL, August 1, 1986:

Joseph Weissman (Appellant) appeals here from an order of the Court of Common Pleas of Philadelphia County which granted the motions of the City of Philadelphia (City) and Martin Widelitz, M.D. (Doctor) for judgment on the pleadings and/or summary judgment. Appellant also appeals from that court's denial of his motion for reconsideration.[1]

Appellant filed a complaint alleging that he received injuries from treatment at the City's Health Center # 10. Appellant alleged that the City and the Doctor, as an employee of the City, were negligent in failing to properly diagnose a rectal tumor. The complaint further alleged, in the alternative, that the City and the Doctor were jointly liable or that the Doctor was liable on his own, as an independent contractor, for willfully dispensing medication to Appellant in a parking lot across the street from the Health Center. The medication was

---

[1] Because no appeal will lie from the trial court's denial of the Appellant's motion for reconsideration, that part of Appellant's appeal will not be addressed in this opinion.

delivered without a prescription in an unmarked envelope that did not contain directions for use.

In its Answer and New Matter, the City raised, *inter alia,* the defense of immunity under the applicable provisions of the Judicial Code commonly referred to as the Political Subdivision Tort Claims Act (Act), 42 Pa. C. S. §§8541-8564.

The trial court noted that the Act bars medical malpractice actions against local governments and their employees, and specifically found that the Doctor acted within the scope of his employment with the City and not as an independent contractor. The court concluded that both the City and the Doctor were immune from liability, and granted "the motion" of the City and the Doctor.[2]

Section 8541 of the Act, 42 Pa. C. S. §8541, provides, subject to exceptions, that a local agency shall not be liable for damages on account of an injury to a person if the injury was caused by any act of the agency or its employees. The Legislature waived immunity as a bar to actions for negligent acts where damages would be recoverable at common law in eight instances described in 42 Pa. C. S. §8542(b). The alleged negligence of the

---

[2] It is not clear from the August 27, 1985 order and opinion whether the trial court granted the motion for judgment on the pleadings or the motion for summary judgment or both. A motion for judgment on the pleadings admits the truth of averments in the pleadings of the non-moving party and the untruth of any of its own averments which are denied. *See Pierce v. Pennsylvania Board of Probation and Parole,* 46 Pa. Commonwealth Ct. 507, 406 A.2d 1186 (1979). On motions for summary judgment, the pleadings are reviewed in the light most favorable to the non-moving party, and any doubts as to the existence of a genuine issue of material fact are resolved against the party seeking the judgment. *Donnell v. Pennsylvania Board of Probation and Parole,* 70 Pa. Commonwealth Ct. 265, 453 A.2d 36 (1982) *(per curiam).* We reach the same result reviewing the pleadings herein under either standard.

City and the Doctor is the equivalent of a claim of medical malpractice. This does not fall within any of the exceptions to the Act. *See Gill v. County of Northampton,* 88 Pa. Commonwealth Ct. 327, 488 A.2d 1214 (1985). The City, therefore, is immune from liability. *See Matteo v. City of Philadelphia,* 99 Pa. Commonwealth Ct. 152, 512 A.2d 796 (1986). So too is the Doctor, the City's employee. Section 8545 of the Act, 42 Pa. C. S. §8545; *Mascaro v. Youth Study Center,* 89 Pa. Commonwealth Ct. 388, 492 A.2d 786 (1985).

Appellant further alleged that the City and the Doctor may be held liable for damages because the Doctor's actions constituted willful misconduct outside the scope of his employment. Section 8542(a)(2) of the Act, 42 Pa. C. S. §8542(a)(2), however, expressly limits the liability of a local agency to injuries caused by the *negligent* acts of its agency or employees. The term "negligent acts" is defined in Section 8542(a)(2) as *not* including acts which constitute a crime, actual fraud or willful misconduct. Even under Appellant's allegation of willful misconduct, therefore, the City remains immune. *See Mascaro.*

Thus, the only issue left for our determination is whether the Doctor can be liable as an independent contractor.

Section 8550 of the Act provides:

> In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply.

42 Pa. C. ·S. §8550.

As previously noted, Appellant alleged that the Doctor wrongfully dispensed non-prescription medication in a parking lot and wrongfully misdiagnosed Appellant's condition. These allegations are merely an assertion of the Doctor's negligence, and if proved, would not establish willful misconduct. There can be no dispute that the Doctor was an employee of the City when he treated Appellant at the Health Center, and we find that the Doctor was an employee of the City at all times throughout his course of dealing with Appellant. Moreover, there is nothing in the complaint to substantiate Appellant's allegation that the Doctor was acting outside the scope of his employment or as an independent contractor by delivering the medicine to Appellant in a parking lot.

Since Appellant's allegations do not raise a genuine issue of fact, and Appellant failed to aver any facts which would deprive Appellees of immunity, we affirm the trial court's granting of the motion. *Cf. Acker et vir v. Spangler et al.,* 92 Pa. Commonwealth Ct. 616, 500 A.2d 206 (1985).

We affirm.

## ORDER

The order of the court of common pleas in the above-captioned matter is hereby affirmed.