## McHale v. Cole

*Edward C. Mintzer Jr.,* for plaintiff.
*John L. Walder,* for Larry Cole.
*Kingsley A. Jarvis,* for MCES.
*John O'Rourke,* for Borough of Norristown.
*Ann Keck,* for the commonwealth.

BROWN, *J.* September 3, 1987 — Plaintiff, Regina McHale, was raped in the restroom facility of Elmwood Park in the Borough of Norristown. Her assailant, Larry Cole, was an out-patient of Montgomery County Emergency Service Inc. Plaintiff contends MCES is liable for Cole's actions because it knew of his assaultive behavior and yet took no steps to protect the public. MCES filed a motion for summary judgment claiming it is a local agency within the meaning of the Political Subdivision Tort Claims Act, 42 Pa. C.S. §8541, and therefore immune from suit. We granted the motion on May 11, 1987. Ms. McHale is now appealing that order.

A local agency is defined in 42 Pa. C.S. §8501 as a "government unit other than the commonwealth government. The term includes an intermediate unit." Government unit is defined by 42 Pa. C.S. §102 as "the general assembly and its officers and agencies, any government agency or any court or other officer or agency of the unified judicial system." 2 Pa. C.S. §101 defines local agency as "a government agency other than a commonwealth agency." 42 Pa. C.S. §102 defines a government agency as "any commonwealth agency or any political subdivision or municipality or other local authority, or

any officer or agency of such political subdivision or local authority."

Plaintiff argues that MCES is not a local agency within the meaning of the Political Subdivision Tort Claims Act, but that it is a private non-profit corporation chartered in the Commonwealth of Pennsylvania and, therefore, has no immunity.

In *Gill v. County of Northampton*, 88 Pa. Commw. 327, 488 A.2d 1214 (1985), a patient brought suit against the county mental health/mental retardation center after being assaulted by a former patient of the institution alleging he was negligently released and supervised. Summary judgment was granted in favor of the defendant center with the finding that it was immune from liability under 42 Pa. C.S. §8541, which reads as follows:

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to person or property caused by any act of the local agency or an employee thereof or any other person."

42 Pa. C.S. §8542, which supplements section 8541 by a limited waiver of immunity for eight acts, did not apply in *Gill*, nor does it here.

MCES is a psychiatric hospital established and operating under the provisions of the Mental Health and Mental Retardation Act of 1966 and the Mental Health Procedures Act of 1976, as amended. On September 1, 1976, Herman Roether, Ph.D., administrator of the Montgomery County Mental Health and Mental Retardation Program, designated MCES as the facility for the emergency examination and treatment of mentally ill persons.

In the affidavit of Naomi Dank, executive director of MCES, she described the format and operation of MCES as follows:

"Montgomery County Emergency Service Inc., is a mental health hospital that provides diagnosis, treatment, care, and rehabilitation to mentally ill persons on both an in-patient and out-patient basis. In providing these services and facilities, Montgomery County Emergency Service Inc. employs psychiatrists, psychologists, social workers, and other health care professionals. Montgomery County Emergency Service Inc. provides its services and facilities to persons who are voluntary out-patients or involuntary out-patients, or who are admitted under both the voluntary commitment provisions and the involuntary commitment provisions of the Mental Health Procedures Act.

"The county delegates that serve at Montgomery County Emergency Service Inc. are appointed by the administrator of the Montgomery County Mental Health and Mental Retardation Program. . . . The delegates are paid by Montgomery County.

"All files and records maintained by the delegates are kept on behalf of Montgomery County."

With regard to Mental Health Procedures, 55 Pa. Code §5100.2 defines a designated facility as "the approved facility named by the county administrator as a provider of one or more specific services. A facility so designated, either on a general basis or on a case by case basis must be identified in the county annual plan. The administrator shall address the public's need to know where and how they can obtain services under the act." Administrator is defined under the code as "the person appointed to carry out the duties specified in section 305 of the Mental Health and Mental Retardation Act of 1966." (50 P.S. §4305).

McHale also contends that because involuntary commitment procedures are only a minor part of MCES' services it cannot be classified as a local

agency. But, MCES is Montgomery-County's designated facility for involuntary emergency psychiatric examination and treatment and its existence is mandated by the Mental Health and Retardation Act. Each county must, in some way, provide this type of facility for the county's mentally ill. As such, we find MCES to be a local agency and immune from suit.

Under Pa. R.C.P. 1035(b) 42 Pa. C.S., a party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions of file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Craddock v. Gross,* 350 Pa. Super. 575, 504 A.2d 1300 (1986).

We recognize Miss McHale has suffered grievously at the hands of her assailant, however we must conclude that MCES is immune from suit under the Political Subdivision Tort Claims Act.