597 A.2d 747

**Robert William GALLAGHER and Robert Gallagher and Arlene Gallagher, Parents and Natural Guardians of Robert William Gallagher, Appellants,**

**v.**

**CITY OF PHILADELPHIA and Philadelphia Department of Public Health and Naomi Bock, M.D., Appellees.**

Commonwealth Court of Pennsylvania.

Argued March 8, 1991.

Decided Sept. 25, 1991.

488

Elias B. Landau, for appellants.

Alan C. Ostrow, Chief Asst. City Sol., and Norman G. Prajzner, for appellees.

Before COLINS and SMITH, JJ., and BARBIERI, Senior Judge.

SMITH, Judge.

Robert William Gallagher, and Robert Gallagher and Arlene Gallagher, parents and natural guardians of Robert William Gallagher (Gallaghers) appeal from a June 4, 1990 order of the Court of Common Pleas of Philadelphia County sustaining the preliminary objections of the City of Philadelphia (City) and the Philadelphia Department of Public Health (Department) to the suit filed by the Gallaghers. The issues raised on appeal to this Court are whether governmental immunity provisions found at 42 Pa.C.S. §§ 8541–8542, commonly known as the Political Subdivision Tort Claims Act (Act), violate the Gallaghers' rights to equal protection under the law, and whether the governmental immunity defense was improperly raised by preliminary objections. The order of the trial court is affirmed.

On December 19, 1989, the Gallaghers commenced an action against the City, the Department, and Naomi Bock, M.D., in which the Gallaghers alleged, inter alia, that Robert William Gallagher was a patient of Naomi Bock, M.D., employed by the Department, who improperly diagnosed and treated Robert causing him injuries. Robert Gallagher and Arlene Gallagher also sought damages in their own

rights as parents and natural guardians of their child. The City and the Department filed preliminary objections in the nature of a demurrer asserting governmental immunity under the Act.

In response, the Gallaghers filed an answer and memorandum of law contending that the Department is a "Commonwealth agency" subject to liability pursuant to 42 Pa.C.S. § 8522(b)(2) which provides for a medical malpractice exception to sovereign immunity;[1] that the Act violates their right to equal protection by barring an action for medical malpractice committed by local agencies and their employees while a similar action against the Commonwealth agencies and their employees is not barred; and that raising the immunity defense by preliminary objections was improper. The trial court sustained the preliminary objections and dismissed the complaint against the City and the Department concluding that the Department is a local agency, not a Commonwealth agency, and that the Gallaghers' causes of action do not fall within any exceptions to governmental immunity under the Act.[2] In ruling on preliminary objec-

1. 42 Pa.C.S. § 8522(b)(2) provides:

 § 8522. Exceptions to sovereign immunity
 . . . .
 (b) Acts which may impose liability.—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:
 . . . .
 (2) Medical-professional liability.—Acts of health care employees of Commonwealth agency medical facilities or institutions or by a Commonwealth party who is a doctor, dentist, nurse or related health care personnel.
 The Act does not contain a similar medical malpractice exception to local governmental immunity. 42 Pa.C.S. § 8542(b).

2. On appeal, the Gallaghers do not challenge the trial court's conclusion that the Department is a local agency subject to the Act. *See Matteo v. City of Philadelphia,* 99 Pa.Commonwealth Ct. 152, 512 A.2d 796 (1986), *appeal denied,* 514 Pa. 650, 524 A.2d 496 (1987) (the Philadelphia Department of Public Health is a local agency created by the City's Home Rule Charter, 351 Pa.Code § 3.3–100(d), not pursuant to the Local Health Administration Law, Act of August 24, 1951, P.L. 1304, *as amended,* 16 P.S. §§ 12001–12028). The trial court, however, did not address the Gallaghers' remaining contentions in its opinion:

tions in the nature of a demurrer, all well-pleaded facts in the complaint and all inferences reasonably deducted therefrom must be accepted as true. A demurrer will be sustained only when it appears, with certainty, that the law permits no recovery under the allegations pleaded. *City of Philadelphia v. Buck*, 138 Pa.Commonwealth Ct. 250, 587 A.2d 875 (1991).

■ In *Gill v. County of Northampton*, 88 Pa.Commonwealth Ct. 327, 488 A.2d 1214 (1985), *appeal dismissed*, 512 Pa. 376, 516 A.2d 1385 (1986), this Court considered and rejected an equal protection challenge to the Act by holding:

Sections 8541 and 8542 do not treat similar classifications of tort actions or defendants differently; for example, all tort actions involving personal property loss are treated similarly, as are all tort actions involving claims of medical malpractice by political subdivision employees. Ms. Gill's contention in reality is that the legislature may not withhold permission to injured persons to sue political subdivisions for causes which it has permitted them to sue the Commonwealth. The Pennsylvania Supreme Court, in considering and rejecting an equal protection challenge to the substantially identical predecessor of Sections 8541 and 8542 called the Political Subdivision Tort Claims Act, in *Carroll v. County of York*, 496 Pa. 363, 437 A.2d 394 (1981), wrote, '[t]his court has frequently recognized that the Legislature may permissibly limit liability on the basis of a defendant's status.' *Id.*, 496 Pa. at 368, 437 A.2d at 397. As the court noted in *Carroll*, the Joint State Government Commission on Sovereign Immunity drafted the Act reasoning that partial immunity was required to assure that a political subdivision 'will not be required to process and defend various litigation brought against it in areas where risk management is totally uncertain at this time....' May, 1978, Joint State Government Commission Report at 10, *quoted in Carroll*, 496 Pa. at 369–70, 437 A.2d at 397.... Where, as here,

the constitutionality of 42 Pa.C.S. §§ 8541–8542 and propriety of asserting governmental immunity by preliminary objections.

the legislature's judgment to limit the exposure of a local agency to tort claims is rationally based on a legitimate government interest, it must be sustained as a valid exercise of legislative authority.

*Id.*, 88 Pa.Commonwealth Ct. at 329–30, 488 A.2d at 1215–16. *See also Matteo v. City of Philadelphia*, 99 Pa.Commonwealth Ct. 152, 512 A.2d 796 (1986), *appeal denied*, 514 Pa. 650, 524 A.2d 496 (1987), for this Court's rejection of a subsequent equal protection challenge to the Act in a medical malpractice action against the City and the Department. Thus, *Gill* and *Matteo* are controlling in the matter *sub judice* and dispositive of the Gallaghers' equal protection challenge. Consequently, their equal protection argument cannot be sustained.

 Next, the Gallaghers argue that the City and the Department improperly raised the affirmative defense of governmental immunity by preliminary objections. Pa. R.C.P. No. 1030 provides in pertinent part that "[a]ll affirmative defenses including but not limited to ... immunity from suit ... shall be pleaded in a responsive pleading under the heading 'New Matter.'" In *Wurth v. City of Philadelphia*, 136 Pa.Commonwealth Ct. 629, 584 A.2d 403 (1990), this Court, after reviewing Pennsylvania court decisions on the propriety of raising affirmative defenses by means of preliminary objections instead of new matter, held in an en banc decision that governmental immunity may be raised by preliminary objections in the nature of a demurrer where it is apparent on the face of the pleading that the cause of action does not fall within any of the exceptions to governmental immunity. Moreover, preliminary objections raising the defense of immunity from suit may be considered if the opposing party waives the procedural defect. *Id;* Pa.R.C.P. No. 1032.

 In the matter *sub judice*, the Gallaghers do not contend that their allegations fall within any of the exceptions to governmental immunity. Furthermore, the Gallaghers failed to object to preliminary objections of the City and the Department by challenging the procedural propriety of their actions by preliminary objections. Instead, the

Gallaghers argued the procedural defect in the memorandum of law filed with their answer to the preliminary objections. *See Farinacci v. Beaver County Industrial Development Authority*, 510 Pa. 589, 511 A.2d 757 (1986) (the proper method for challenging the propriety of the preliminary objections is by preliminary objections to the challenged preliminary objections; briefing the issue is not the proper procedure). Thus, by failing to properly raise their objections to the method which the City and the Department chose to assert governmental immunity, the Gallaghers waived the procedural defect and the trial court, therefore, properly considered the merits of the preliminary objections. *Buck; Wurth.*[3] Accordingly, the trial court properly sustained the preliminary objections of the City and the Department.

## ORDER

AND NOW, this 25th day of September, 1991, the order of the Court of Common Pleas of Philadelphia County, dated June 4, 1990 is affirmed.

---

**3.** The defense of governmental immunity is an absolute defense which is not subject to any procedural device that could render a governmental agency liable beyond the exceptions granted by the legislature. *Appeal of Tax Claim Unit of Northampton County*, 522 Pa. 230, 560 A.2d 1388 (1989).