**Betty Lou DAVIS, Administratrix of the Estate of Warren Davis, Appellant,**

**v.**

**The COUNTY OF WESTMORELAND d/b/a Westmoreland Manor.**

Commonwealth Court of Pennsylvania.

Argued Feb. 2, 2004.

Decided March 3, 2004.

sults from the Board, on one hand, and the court on the other hand, considering the same conduct.

Victor H. Pribanic, Pittsburgh, for appellant.

John W. Jordan, IV, Pittsburgh, for appellee.

BEFORE: PELLEGRINI, Judge, LEAVITT, Judge, and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

Betty Lou Davis (Davis), administratrix of the Estate of Warren Davis (Mr. Davis), appeals from the April 10, 2003 order of the Court of Common Pleas of Westmoreland County (trial court) that granted the motion for summary judgment of the County of Westmoreland (County), d/b/a Westmoreland Manor (Manor). We affirm.

The Manor is a nursing care facility, licensed by the Pennsylvania Department of Health. Mr. Davis was admitted to the Manor in May 1995 with a diagnosis of hypertension and dementia related to Alzheimer's disease. While there, he exhibited a non-compliant personality and was restrained through the use of wrist and/or chest restraints.

In October 1996, the County contracted with Complete Health Care Resources, Inc. (CHCR) to provide management services for the Manor. Thereafter, in November 1996, Mr. Davis' physical restraints were removed and replaced by a chair alarm system. Mr. Davis subsequently had many falls. On January 29, 1997 Mr. Davis fell from a chair and fractured his left hip. Complications ensued which allegedly contributed to his death on February 26, 1997.

A wrongful death and survival action was filed by Davis on January 27, 1999 alleging, *inter alia,* that the County was negligent in failing to properly restrain Mr. Davis. In response to the Complaint, the County filed an Answer and New Matter, asserting the affirmative defense of governmental immunity. After discovery was completed, the County filed a motion for summary judgment, which the trial court granted on April 10, 2003.

Davis raises the following issues on appeal: (1) whether the County is a local agency for purposes of immunity from medical negligence liability, and if so, whether its alleged failure to plead with specificity constitutes a waiver of immunity and (2) whether the County's general denial of an allegation of negligence against its agents and employees combined with its failure to identify a contracting party creates a jury question, thereby precluding summary judgment.[1]

I.

Davis first argues that the trial court should have determined that the Manor is a Commonwealth party subject to the medical negligence exception to sovereign immunity provided in Section 8522(b)(2) of the Judicial Code (Code).[2] The Code defines a "Commonwealth par-

---

1. Our review of an order granting summary judgment is limited to determining whether the trial court committed an abuse of discretion or an error of law. *Irish v. Lehigh County Housing Auth.,* 751 A.2d 1201 (Pa.Cmwlth. 2000). Summary judgment is warranted when, after review of the record in the light most favorable to the non-moving party, it is determined that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Id.*

2. 42 Pa.C.S. § 8522(b)(2).

ty" as "[a] Commonwealth agency and any employee thereof...." 42 Pa.C.S. § 8501. A "local agency" is broadly defined as "[a] government unit other than the Commonwealth government." *Id.* Section 8541 of the Code provides as follows:

> Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

42 Pa.C.S. § 8541.

■ Medical negligence is not covered by any of the exceptions to governmental immunity provided in Section 8542 of the Code.[3] Therefore, local agencies, including counties, are immune from medical negligence liability. *Helsel v. Complete Care Servs., L.P.,* 797 A.2d 1051 (Pa.Cmwlth. 2002) (a wrongful death or medical negligence action against a county facility is barred by governmental immunity); *Gill v. County of Northampton,* 88 Pa.Cmwlth. 327, 488 A.2d 1214 (1985); *Morris v. Montgomery County Geriatric and Rehab. Ctr.,* 74 Pa.Cmwlth. 363, 459 A.2d 919 (1983).

Davis maintains that the Manor cannot be considered a local agency because (1) there are no County enabling ordinances, charters, rules or regulations creating the Manor; (2) the Manor is licensed by the Pennsylvania Department of Health; and (3) the Manor is required to comply with state laws and regulations, including the Health Care Facilities Act[4] and the regulations applicable to the general operation of nursing care facilities. Thus, she concludes that an issue of fact remains as to the whether the Manor is a local or a Commonwealth facility for liability pur-

poses, thereby precluding summary judgment. We disagree.

Courts generally look to enabling legislation to determine whether an entity is a Commonwealth or a local agency. *Sweeney v. Merrymead Farm, Inc.,* 799 A.2d 972 (Pa.Cmwlth.2002). As Davis points out, the record is silent as to this issue. However, contrary to Davis' contention, mere regulation by state law does not transform a regulated entity into a Commonwealth party for liability purposes. For example, private health care providers are also regulated by the Commonwealth but this certainly does not mean that the legislature intended to cloak them with governmental or sovereign immunity.

We have previously recognized in other contexts that the Manor is County-owned. *See generally Fair Acres Geriatric Ctr. v. Dep't of Pub. Welfare,* 107 Pa.Cmwlth. 293, 528 A.2d 1008 (1987) (noting that the petitioners, including the Manor, are county-owned and operated nursing homes); *Westmoreland Manor v. Dep't of Pub. Welfare,* 91 Pa.Cmwlth. 155, 496 A.2d 1282 (1985); *Westmoreland County Comm'rs v. Unemployment Compensation Bd. of Review,* 82 Pa.Cmwlth. 313, 475 A.2d 170 (1984). Moreover, Davis admits in paragraph three of the Complaint that the Manor is owned, operated and/or otherwise controlled or maintained by the County. (R.R. 7a–8a)

Based on the above, we find that the trial court appropriately determined that the Manor is an instrumentality of the County, immune from medical negligence liability. Therefore, summary judgment was appropriate in this case.

## II.

■ Davis argues further that the County's general denial of a negligence

---

**3.** 42 Pa.C.S. § 8542.

**4.** Act of July 19, 1979, P.L. 130, *as amended,* 35 P.S. §§ 448.101–448.904b.

allegation constitutes a waiver of immunity and creates a factual issue. Pennsylvania Rule of Civil Procedure 1029(e)(1) provides, in part, as follows:

> In an action seeking monetary relief for bodily injury, death or property damage, averments in a pleading to which a responsive pleading is required may be denied generally except the following averments of fact which must be denied specifically:
>
> (1) averments relating to the identity of the person by whom a material act was committed, [or] the agency or employment of such person....

Pa. R.C.P. No. 1029(e)(1). A general denial of such averments has the effect of an admission. Pa. R.C.P. No. 1029(b).

The subject allegations are contained in paragraph 21 of the Complaint, as follows:

> 21. At all relevant times hereinabove, [the] Manor and/or its agents, employees and servants, including but not limited to, doctors, nurses and staff knew or should have known that the restraint reduction program was inappropriate for Mr. Davis and failed to take the appropriate actions in response to his above-described behavior.

(R.R. 10a)

In response, the County filed the following Answer:

> 4. Paragraph 21 ... of the Complaint [is] denied. By way of further answer, it is specifically denied that [the Manor] was negligent or careless in any manner whatsoever. To the contrary, [the Manor] acted in a reasonable and prudent manner at all relevant times.

(R.R. 19a)

By operation of Pa. R.C.P. No. 1029(e)(1), Davis maintains that the County was obligated to specifically identify CHCR as a potential defendant and to plead that the County was in a contractual relationship with CHCR. She concludes that the County's general denial constitutes an admission of negligence, thereby creating a jury question as to liability.

Even assuming that the County's general denial constitutes an admission of medical negligence, such conduct fails to fall within any of the enumerated exceptions to governmental immunity provided in Section 8542 of the Code.[5] Therefore, the County is entitled to immunity as a matter of law and no pleading defect would be sufficient to overcome that immunity or create a jury question in this case.

Because the doctrine of governmental immunity bars Davis' claim, the County is entitled to summary judgment. Accordingly, we affirm the trial court's order.

### ORDER

AND NOW, this 3rd day of March, 2004, the April 10, 2003 order of the Court of Common Pleas of Westmoreland County is hereby AFFIRMED.