### Kelly DAMRON

v.

**Calvin SMITH, Vincent A. Guarini (Warden of Lancaster County Prison), Lancaster County Prison Board and Lancaster County Board of Commissioners.**

Civ. A. No. 84–474.

United States District Court, E.D. Pennsylvania.

Aug. 6, 1985.

Anthony S. Federico, Jr., Harrisburg, Pa., for plaintiff.

J. Michael Flanagan, Lancaster, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

This is a diversity action instituted against defendants, Calvin Smith, Vincent A. Guarini, Warden, Lancaster County Prison Board and Lancaster County Board of Commissioners, alleging negligence on their part which resulted in defendant Calvin Smith attacking and seriously injuring plaintiff. Defendants Guarini, the County Prison Board and County Commissioners have moved for judgment on the pleadings. A court will entertain a motion for judgment on the pleadings only after pleadings have been closed. A motion for judgment on the pleadings is appropriate only when there are no issues of material fact and one party is entitled to judgment as a matter of law. *Flora v. Home Federal Savings and Loan Association*, 685 F.2d 209 (7th Cir. 1982). Despite plaintiff's contention a review of the pleadings by the Court reveals no issues of material fact presented with regard to the moving defendants. Vincent Guarini was Warden at the time of the incident and all claims against him are directed at him in his official capacity. The allegations against the Prison Board as well as the County Commissioners are couched in the theory of respondeat superior. Plaintiff claims that Warden Guarini was negligent in (1) failing to segregate defendant Smith and (2) not having sufficient prison personnel to supervise plaintiff and defendant Smith. Plaintiff also alleges that the Prison Board is responsible for the acts of Guarini and the County is responsible for actions of the Prison Board.

Defendants claim the action is barred pursuant to the governmental immunity and official immunity provisions of the Political Subdivision Tort Claims Act, 42 P.C.

S.A. § 8541 *et seq.* and, therefore, they are entitled to judgment as a matter of law. We agree.

The Act provides that no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person. 42 P.C.S.A. § 8541. The act also provides eight exceptions to this governmental immunity pursuant to 42 P.C.S.A. § 8542. A local agency includes any government unit other than the Commonwealth government. 42 P.C.S.A. § 8501. Plaintiff contends that the Prison Board and Board of Commissioners are not local agencies under § 8542. We disagree. The Commonwealth Court of Pennsylvania recognized a county operated rehabilitation center as a local agency under § 8501, and found the center to be protected under § 8542 from suit for negligence in the care and supervision of its elderly patients in *Morris v. Montgomery County Geriatric Center,* 74 Pa.Cmwlth. 363, 459 A.2d 919 (1983).

The Commonwealth Court has also found a school district to be a local agency and immunized under the Political Subdivision Tort Claims Act from injuries sustained by a student which were caused by a fellow student due to the negligence in supervision on the part of the school district. *Auerbach v. Council Rock School District,* 74 Pa.Cmwlth. 507, 459 A.2d 1376 (1983).

 Therefore, this Court concludes that the County Prison Board and the County Board of Commissioners are local agencies within the purview of the Political Subdivision Tort Claims Act. It follows that the Warden as an employee of a local agency is liable for civil damages on account of injury caused by acts performed within the scope of his office or duties only to the same extent as his employing agency. 42 P.C.S.A. § 8545. The Warden is, therefore, immunized for injuries resulting from actions performed in his official capacity.

In the alternative, plaintiff challenges the constitutionality of the Political Subdivision Tort Claims Act as violative of Art. I § 11 of the Pennsylvania Constitution and equal protection of the law. However, the Pennsylvania Supreme Court has upheld the constitutionality of the statute on both grounds in *Carroll v. County of York,* 496 Pa. 363, 437 A.2d 394 (1981). We, therefore, dismiss plaintiff's argument on this point.

This Court concludes that plaintiff's claims asserted against the Warden, The Prison Board and Board of County Commissioners are barred by the Political Subdivision Tort Claims Act.