**Don WRIGHT, Plaintiff,**

v.

**CITY OF PHILADELPHIA WATER DEPARTMENT, Defendant.**

Civ. A. No. 91–1935.

United States District Court, E.D. Pennsylvania.

March 30, 1993.

98

Don Wright, pro se.

Debora M. Russo, Asst. City Sol., Philadelphia, PA, for defendant.

## MEMORANDUM

JOYNER, District Judge.

Plaintiff, Don A. Wright, filed this wrongful discharge claim against the City of Philadelphia Water Department alleging violations of his Civil Rights when he was demoted and subsequently discharged from his employment.

Presently before the court is the motion of the City of Philadelphia Water Department (the "City") to dismiss pursuant to Fed. R.Civ.P. 12(b)(4), (5) and (6), that is, for insufficiency of process, insufficiency of service of process and failure to state a claim upon which relief can be granted. The City filed an answer to the complaint on June 30, 1992 denying all liability and asserting numerous defenses. Subsequently, plaintiff filed a motion for appointment of counsel and attached to that motion a document entitled "Amended Complaint." On August 20, 1992 this court denied the motion for appointment of counsel and, construing the attached document as a request to amend his complaint, we granted plaintiff leave to do so. Despite the proper filing with the court and the issuance of a summons, the amended complaint was never served upon the defendant. Thus, the City's motion cannot be considered a motion to dismiss at this point because by filing its answer the City closed the pleadings. However, the motion could be considered a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), *Damron v. Smith,* 616 F.Supp. 424, 425 (E.D.Pa.1985), but the City attached additional matters beyond the pleadings to their motions. Rule 12(b)(6) and (c) permits the court to treat a motion to dismiss or a motion for judgment on the pleadings as a motion for summary judgment under Rule 56 yet, in order to do so, the court must provide the parties with a reasonable opportunity to present all materials which may be pertinent to a Rule 56 summary judgment motion. *Rose v. Bartle,* 871 F.2d 331, 342 (3d Cir.1989).

This court is trapped in a quandary. Plaintiff desires to amend his complaint and the docket reflects that he has attempted and continues to attempt to serve the amended complaint on defendant. Defendant's motion raises substantial questions of both law and fact which require us to consider the additional materials submitted therewith. In turn, if the court is to treat the motion as one for summary judgment, we must give the plaintiff as well as the City ample time to submit the necessary materials and evidence. On the other hand, if the motion is treated as one for judgment on the pleadings and plaintiff hereafter perfects service of the amended complaint, then our order would be a nullity because the pleadings would no longer be closed for purposes of deciding a Rule 12(c) motion. Accordingly, we find that the appropriate course at this juncture is to dismiss the City's present motion, whether it be a motion for judgment on the pleadings or a motion for summary judgment, without prejudice and reiterate our prior decision to grant plaintiff leave to amend the complaint.

An appropriate order follows.

## ORDER

**AND NOW,** this 30th day of March, 1993 upon consideration of the City of Philadelphia Water Department's Motion to Dismiss and Plaintiff's response thereto, it is hereby

**ORDERED** that the Motion is **DENIED** without prejudice.