In re **MORTGAGE LENDERS NETWORK, USA, INC.,** Debtor.

**Mortgage Lenders Network USA, Inc., Plaintiff,**

v.

**Wells Fargo Bank, National Association, and Wells Fargo Home Mortgage, Inc., Defendants.**

**Bankruptcy No. 07–10146(PJW).**

**Adversary No. 07–51683(PJW).**

United States Bankruptcy Court, D. Delaware.

Nov. 4, 2008.

Laura Davis Jones, Alan J. Kornfeld, Gillian N. Brown, Timothy P. Cairns, Pachulski Stang Ziehl & Jones LLP, Wilmington, DE, for the Debtor/ Plaintiff.

Noel C. Burnham, Montgomery, McCracken, Walker & Rhoads, LLP, Wilmington, DE, Stephen M. Mertz, Charles F. Webber, Faegre & Benson LLP, Minneapolis, MN, for Defendants.

## MEMORANDUM OPINION

WALSH, Bankruptcy Judge.

This opinion is with respect to the motion of Plaintiff Mortgage Lenders Network USA, Inc. ("MLN") for leave to amend its complaint in the above captioned adversary proceeding. (Adv.Doc.# 68.) Defendants Wells Fargo Bank, National Association and Wells Fargo Home Mortgage, Inc. (collectively "Wells Fargo"[1]) partially oppose Plaintiff's motion. (Adv. Doc.# 70.) For the reasons stated below, the Court will grant the motion.

## BACKGROUND

MLN is a corporation that originated and purchased residential mortgage loans. (Adv.Doc.# 9, p. 4.) On February 5, 2007, it petitioned for relief under chapter 11 of title 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* Prior to filing for bankruptcy, MLN had accumulated pools of mortgages and sold them to three trusts, while retaining the right and obligation to service the mortgage loans after selling them to the trusts. Wells Fargo was the inden-

---

1. Wells Fargo Home Mortgage, Inc. is a division of Wells Fargo Bank, N.A. and is not a separately-incorporated entity, effectively making Wells Fargo Bank, N.A. the only defendant in this case.

ture trustee or trustee for these trusts. Written servicing agreements govern MLN's and Wells Fargo's rights and obligations as servicer and indenture trustee or trustee, respectively. (*Id.* at pp. 6–8.) In its capacities as indenture trustee or trustee, Wells Fargo represents the interests of the investors in the trusts. (Adv. Doc.# 9, p. 5.)

Following MLN's filing of its bankruptcy petition, on March 7, 2007, Wells Fargo moved for relief from the automatic stay so that it could terminate and replace MLN as servicer under the servicing agreements. The Court granted Wells Fargo's motion on March 20, 2008, and Wells Fargo proceeded according to the servicing agreements to terminate MLN as servicer on April 1, 2007. (Adv.Doc. # 70, p. 7.)

MLN filed this adversary proceeding on July 31, 2007, raising two claims: (1) that certain repossessed properties titled in MLN's name at the time of its bankruptcy petition should be included in the bankruptcy estate, free and clear of any interests of Wells Fargo, and (2) that Wells Fargo failed to reimburse MLN for servicing advances it made with respect to the three trusts. (Adv.Doc.# 1.) In response, Wells Fargo asserted a counterclaim asking: (1) for a declaration that the titles on the repossessed properties were not included in MLN's bankruptcy estate, and (2) for a monetary judgment against MLN for certain expenses incurred by Wells Fargo that the servicing agreements obligated MLN to reimburse to Wells Fargo. (Adv.Doc.# 7.)

In a summary judgment ruling on December 11, 2007, I held that the certain repossessed properties were not part of MLN's bankruptcy estate, but, rather, that

Wells Fargo is the sole equitable owner of the properties. *In re Mortgage Lenders Network USA, Inc.*, 380 B.R. 131 (Bankr. D.Del.2007). Accordingly, the only claims remaining for resolution in this adversary proceeding are MLN's claim for recovery of its servicing advances and Wells Fargo's claim for recovery of its certain expenses. MLN's claim currently is plead as a breach of contract claim.

Pursuant to the Court's scheduling order, discovery closed on March 3, 2008, and the dispositive motion deadline has passed. (Adv.Doc. # 50.) The parties are scheduled to mediate this adversary proceeding on November 6, 2008. (Adv.Doc. # 68, ¶ 11.) The parties are required to complete mediation by December 15, 2008, the pre-trial conference is scheduled for January 13, 2009, and the trial is scheduled to begin January 26, 2009.[2] (Adv.Doc. # 65.)

By its motion, filed September 19, 2008, MLN seeks to amend its complaint in three respects: MLN seeks to (1) drop Wells Fargo Home Mortgage as a party because Wells Fargo Home Mortgage is now a division of Wells Fargo Bank, (2) drop the claim on which I granted Wells Fargo summary judgment, and (3) add a claim for unjust enrichment. (Adv.Doc. # 68.)

Wells Fargo does not object to the first two requests, but it does object to the third request to add a new claim. Wells Fargo argues that the proposed amendment is futile and prejudicially unfair. (Adv.Doc.# 70.) In response, MLN argues that the proposed amendment merely is an alternate theory to its current breach of contract claim "premised on the same facts as the parties have had at their dis-

2. The parties originally were scheduled to begin mediation on September 30, 2008, with trial to begin on November 17, 2008. Howev-

er, the parties entered into a stipulation agreeing to the above timing, which the Court approved on September 16, 2008.

posal from the beginning of this adversary proceeding," that the proposed amendment seeks to conform the pleadings to information already adduced during discovery, and that the proposed amendment is neither futile nor prejudicially unfair. (Adv.Doc. # 72, ¶ 2–3.)

## DISCUSSION

Fed.R.Civ.P. 15(a), made applicable to this proceeding by Fed. R. Bankr.P. 7015, provides that granting a party's request to leave to amend its complaint is within the sound discretion of the court.[3] Though granting such a request is within the discretion of the court, "courts have shown a strong liberality ... in allowing amendments." *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir.1984) (quoting 3 *Moore's Federal Practice* ¶ 15.08(2) (2d ed.1980)) (internal quotations omitted); *see also Long v. Wilson*, 393 F.3d 390, 400 (3d Cir.2004) ("We have held that motions to amend pleadings should be liberally granted."); *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir.1984) ("Fed. R.Civ.P. 15 embodies the liberal pleading philosophy of the federal rules."); *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing, Inc.*, 663 F.2d 419, 425 (3d Cir.1981) (quoting 3 *Moore's Federal Practice* ¶ 15.08(2) (2d ed.1980)). The leading applicable Supreme Court case reflects this liberal amendment philosophy: "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Under such a liberal amendment philosophy, the court's discretion to deny leave to amend is limited. In *Foman*, the Supreme Court held:

In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be freely given.

*Id.* (internal quotations omitted). Third Circuit courts have extrapolated five instances in which a court may deny leave to amend a complaint: (1) if delay in seeking amendment is undue; (2) if delay in seeking amendment is prejudicial to the opposing party; (3) if delay in seeking amendment is motivated by bad faith; (4) if the amendment is futile in that it fails to state a claim for which relief can be granted; or (5) if the movant does not provide a drafted amended complaint. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272–73 (3d Cir.2001). As MLN provided a drafted amended complaint, the first four instances in which a court may deny leave to amend a complaint are applicable here. Despite Wells Fargo's arguments to the contrary, it is clear that MLN's motion for leave to amend the complaint does not fall under any of these exceptions.

First, Wells Fargo argues that MLN's proposed amendment is "unduly late, coming more than half a year after the close of discovery and eight weeks before the case was originally scheduled for trial." Adv. Doc. # 70, p. 12. In assessing whether delay in amending is undue, courts focus on the moving party's reasons for not amending sooner. *Adams*, 739 F.2d at 868. The Third Circuit has stated:

---

3. Fed.R.Civ.P. 15(a)(2) reads: "[If not amending as a matter of right,] a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

The mere passage of time does not require that a motion to amend a complaint be denied on the grounds of delay. In fact, delay alone is an insufficient ground to deny leave to amend. However, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, and will become 'prejudicial,' placing an unfair burden on the opposing party." Delay may become undue when a movant has had previous opportunities to amend a complaint.

*Cureton,* 252 F.3d at 273 (quoting *Adams,* 739 F.2d at 868) (internal citations omitted); *see also Arthur v. Maersk, Inc.,* 434 F.3d 196, 205 (3d Cir.2006) ("There is, of course, no presumptive period in which a motion for leave to amend is deemed timely or in which delay becomes undue.") (internal quotations omitted).

Under this standard, courts have denied leave to amend following a three year lapse between the filing of the complaint and the proposed amendment, *Lorenz v. CSX Corp.,* 1 F.3d 1406, 1414 (3d Cir.1993), and when the applicable party proposed a second amendment that essentially would "replead facts and arguments that could have been pled much earlier in the proceedings." *Rolo v. City Investing Co. Liquidating Trust,* 155 F.3d 644, 654–55 (3d Cir.1998). *See also Cureton,* 252 F.3d at 273–74 (affirming district court's denial of plaintiff's post-summary-judgment motion to amend because, among other things, "the motion was filed three years after the complaint was filed" and "the factual information on which the proposed amendment

relied was known almost two-and-a-half years before plaintiffs sought leave to amend"). In contrast, courts have granted leave to amend when the delay was less than one year. *See e.g., Arthur,* 434 F.3d 196 at 204–05 (affirming grant of leave to amend after a delay of eleven months); *Dubicz v. Commonwealth Edison Co.,* 377 F.3d 787, 793 (7th Cir.2004) (holding that the district court abused its discretion in denying leave to amend after a delay of eight months); *Roberson v. Hayti Police Dep't,* 241 F.3d 992, 996 (8th Cir.2001) (holding that delay of eleven months did not justify denial of leave to amend). Courts also have allowed amendment after scheduling deadlines had passed and discovery had closed. *See, e.g., Cuffy v. Getty Refining & Marketing Co.,* 648 F.Supp. 802, 805–07 (D.Del.1986) (permitting amendment after scheduling deadline to file motion to amend pleadings had passed); *In re Worldwide Direct, Inc.,* 2003 WL 22000600 (Bankr.D.Del.2003) (permitting amendment even though discovery deadline had passed).

▮▮▮ Discovery closed on March 3, 2008, very soon after MLN claims that facts warranting the unjust enrichment claim came to light.[4] (Adv.Doc.# 72, ¶ 20, 22.) MLN filed its motion for leave to amend on September 19, 2008, a little over six months after the end of discovery. MLN notes that it waited even that long to file its motion because it hoped for a settlement. Seeing that none was forthcoming, it filed forthwith. (*Id.* at ¶ 19.) Moreover, it filed nearly two months in advance

---

4. Wells Fargo cites *Cureton,* 252 F.3d at 273, for the proposition that "[w]hen a party delays making a motion to amend until after summary judgment has been granted to the adverse party, other courts have recognized that the interests in judicial economy and finality of litigation may become particularly compelling," thereby arguing that because MLN waited until after I granted summary

judgment in favor of Wells Fargo on one of MLN's original claims, its request to leave to amend should be denied. However, MLN contends that facts warranting its unjust enrichment claim came to light after I granted summary judgment. Also, I granted summary judgment on a claim wholly separate from MLN's breach of contract claim. Accordingly, this consideration is inapplicable.

of the beginning of mediation and more than four months in advance of the beginning of trial. I think it is clear that this does not constitute delay at the requisite level such that I can deny MLN leave to amend its complaint.[5] MLN's request to leave to amend is timely enough.

■ Intertwined with its argument that MLN's proposed amendment is unduly delayed, is Wells Fargo's argument that the proposed amendment is prejudicial to Wells Fargo because it may need to conduct more discovery. (Adv.Doc.# 70, pp. 17–19.) In response, MLN asserts that Wells Fargo will not need to conduct additional discovery because the unjust enrichment theory is a legal theory premised on the same facts as the breach of contract claim. (Adv.Doc.# 72, ¶ 11.) Indeed, I read MLN's statement that "[t]he inclusion of the unjust enrichment theory will not require any additional discovery in this adversary proceeding" (Adv.Doc.# 72, ¶ 11) as a representation by MLN that it will not conduct any additional discovery. Based on what is before me, I cannot say whether Wells Fargo will or will not need to conduct additional discovery. However, even if Wells Fargo does need to conduct additional discovery, I do not think that possibility will cause undue prejudice to Wells Fargo. In any event, even if Wells Fargo finds it necessary to conduct additional discovery, I do not believe that we will need to reschedule the mediation and trial dates.

■ Delay in amending a complaint is prejudicial when it "plac[es] an unfair burden on the opposing party." *Cureton,* 252 F.3d at 273 (quoting *Adams,* 739 F.2d

at 858) (internal quotations omitted). As delay itself is insufficient to deny an amendment, prejudice to the other party is "the touchstone for the denial of an amendment." *Cornell & Co. Inc. v. Occupational Safety & Health Review Board Comm'n,* 573 F.2d 820, 823 (3d Cir.1978). When considering prejudice, courts focus on the burden to the non-moving party if the amendment is allowed: "Specifically, [courts] have considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton,* 252 F.3d at 273.

■ Courts have denied a request for leave to amend when both discovery would need to be reopened *and* a new trial date would need to be set, *Paschal v. Florida Public Employees Relations Com'n,* 666 F.2d 1381, 1384 (11th Cir.1982), and when the opposing party would suffer "*severe, irremediable* prejudice" if leave was granted. *Cornell,* 573 F.2d at 823–26 (holding that because proposed amendment changed the legal and factual basis of a claim, leave to amend must be denied) (emphasis added). In contrast, courts have granted leave to amend when the non-moving party would suffer no prejudice because no new facts or additional discovery was required. *See, e.g., Adams,* 739 F.2d at 869. Courts also have granted leave to amend even if the non-moving party may be prejudiced, as long as the non-moving party would not be overly prejudiced. *See, e.g., Usery v. Marquette Cement Manufacturing Co.,* 568 F.2d 902 (2d Cir.1977) ("Even assuming arguendo that amendment would have resulted in

---

**5.** Wells Fargo maintains through various arguments that there are "profound problems" with MLN's explanation of how it discovered its new claim. Adv. Doc. # 70, pp. 13–15. However, as noted by MLN, Fed.R.Civ.P. 15 has no requirements as to how a claim is

discovered. Rather, as evident in the list of instances in which a court may deny leave to amend a complaint, the new claim must be able to survive a motion to dismiss for failure to state a claim. This is discussed subsequently.

prejudice to [the non-moving party], plainly it would not have been of the kind contemplated by [Rule 15].'"); *Cuffy*, 648 F.Supp. at 806 ("Prejudice does not mean inconvenience to a party."). Indeed, the Third Circuit has stated that "[t]he need for additional discovery does not conclusively establish prejudice." *Dole v. Arco Chemical, Co.*, 921 F.2d 484, 488 (3d Cir. 1990).

As Wells Fargo asserts, it is true that allowing MLN to amend its complaint may require the Court to reopen discovery and set a new discovery deadline, but the set trial date is not for another three months. That is ample time for Wells Fargo to conduct whatever additional discovery it believes is necessary, especially as in-depth discovery on a similar claim based on similar facts has already occurred. Though I cannot hold that Wells Fargo will not need to conduct additional discovery, I believe it is not certain that it will need to. The level of hardship that may be placed on Wells Fargo is not high enough to justify a denial of leave to amend.

■■■ Moreover, it is clear that MLN's request for leave to amend its complaint is not proposed in bad faith. As with undue delay, in assessing bad faith, courts look to the reasons why a party did not seek to amend earlier. *Adams,* 739 F.2d at 868. As discussed, MLN waited to amend in hopes for a settlement, and when a settlement was not forthcoming, it filed promptly. (Adv.Doc.# 72, ¶ 19.) This does not suggest bad faith or dilatory motives.

Further, MLN seeks to amend its complaint "to make explicit the theories underlying the claims for relief." (Adv.Doc. # 68, ¶ 17.) If amendment is not allowed now, MLN may seek to amend the complaint during the trial, which it likely will be allowed to do pursuant to Fed.R.Civ.P. 15(b)(1), which provides that the Court "should freely permit an amendment when doing so will aid in presenting the merit s" during trial. By seeking to amend now, MLN is attempting to avert disruption during the trial process and to clarify its arguments.

■■■ Finally, MLN's amended complaint is not futile. "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki,* 227 F.3d 107, 121 (3d Cir.2000). Wells Fargo argues that the proposed unjust enrichment claim fails as a matter of law, and, thus, is futile. In support of its position, it cites New York law—whose law governs the servicing agreements at issue—for the proposition that where a contract exists that governs the subject matter of the instant action, a party may not recover based on unjust enrichment. *See, e.g. Cox v. NAP Constr. Co., Inc.,* 10 N.Y.3d 592, 861 N.Y.S.2d 238, 891 N.E.2d 271, 278 (2008) (noting that under New York law, "[a] party may not recover in quantum meruit or unjust enrichment where the parties have entered into a contract that governs the subject matter").

■■■ Though Wells Fargo's statement may be true, as MLN notes, it is not dispositive as to whether the court should grant MLN's request to leave to amend the complaint. Under a motion for failure to state a claim for which relief can be granted, "a complaint may be dismissed only if it is certain that no relief could be granted under any set of facts which could be proven." *Jurimex Kommerz Transit G.m.b.H. v. Case Corp.,* 65 Fed.Appx. 803, 808 (3d Cir.2003) (quoting *Rossman v. Fleet Bank (RI) National Assoc.,* 280 F.3d 384, 387 (3d Cir.2002)) (internal citations omitted). MLN argues that its unjust enrichment claim is an alternate legal theory to its breach of contract claim, premised

on the same facts—that is, if the Court finds that the servicing agreements do not govern its claim for the return of servicing advances, an unjust enrichment theory may provide recovery. (Adv.Doc.# 72, ¶ 7.) As noted by MLN, Fed.R.Civ.P. 8(d)(2), made applicable to this adversary proceeding by Fed. R. Bankr.P. 7008, allows parties to plead in the alternative.[6] Other courts in jurisdictions that similarly prevent a party from recovering under unjust enrichment where a contract exists nevertheless have allowed a party to plead in the alternative based on both breach of contract and unjust enrichment. *See, e.g., Marcella v. ARP Films, Inc.,* 778 F.2d 112, 117 (2d Cir.1985) (allowing a party to plead quantum meriut and breach of contract because quantum meriut was a plausible alternative theory of recovery under New York law if the breach of contract claim failed); *United States v. Kensington Hosp.,* 760 F.Supp. 1120, 1135 (E.D.Pa. 1991) (permitting the alternative pleading of breach of contract and unjust enrichment even though Pennsylvania law, which governed the applicable contract, prevented the assertion of an unjust enrichment claim where a contract existed).

Accordingly, I find that MLN's amended pleading is not futile and will allow MLN to alternatively plead breach of contract and unjust enrichment.

### CONCLUSION

For the reasons stated above, the Court grants MLN's motion for leave to amend its complaint in the above captioned adversary proceeding.

---

6. In pertinent part, Fed. Rule. Civ. P. 8(d)(2) reads: "A party may set forth two or more statements of a claim ... alternatively or hypothetically, either in a single count ... or in separate ones. If a party makes alternative statements, the pleading is sufficient if any of them is sufficient."